1
2
3
4
5
6          **IN THE UNITED STATES DISTRICT COURT**
7          **FOR THE EASTERN DISTRICT OF CALIFORNIA**
8

9  DeAndre McCarter,                    )   No. CV 1-08-1000-DCB
                                        )
10          Plaintiff,                  )   **ORDER**
                                        )
11  vs.                                 )
                                        )
12  M. Knowles, et al.,                 )
                                        )
13          Defendants.                 )
    _____ )
14

15          Plaintiff DeAndre McCarter, who is confined in the Centinela State Prison in Imperial,

16  California, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1).

17  This case was reassigned to the undersigned judge on November 24, 2008.  The Court will

18  dismiss the Complaint with leave to amend.

19  **I.      Statutory Screening of Prisoner Complaints**

20          The Court is required to screen complaints brought by prisoners seeking relief against

21  a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

22  § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

23  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

24  be granted, or that seek monetary relief from a defendant who is immune from such relief.

25  28 U.S.C. § 1915A(b)(1), (2).

26          A pleading must contain a "short and plain statement of the claim *showing* that the

27  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not

JDDL-K  28

1   demand detailed factual allegations, "it demands more than an unadorned, the-defendant-
2   unlawfully-harmed-me accusation."   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
3   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
4   statements, do not suffice." Id.

5       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
6   claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,
7   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content
8   that allows the court to draw the reasonable inference that the defendant is liable for the
9   misconduct alleged." Id. "Determining whether a complaint states a plausible claim for
10  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
11  experience and common sense." Id. at 1950.  Thus, although a plaintiff's specific factual
12  allegations may be consistent with a constitutional claim, a court must assess whether there
13  are other "more likely explanations" for a defendant's conduct. Id. at 1951.

14      If the Court determines that a pleading could be cured by the allegation of other facts,
15  a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the
16  action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court
17  should not, however, advise the litigant how to cure the defects.  This type of advice "would
18  undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225,
19  231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was
20  required to inform a litigant of deficiencies).  Plaintiff's Complaint will be dismissed for
21  failure to state a claim, with leave to amend because the Complaint may possibly be saved
22  by amendment.

23  **II.    Complaint**

24      In his three-count Complaint, Plaintiff sues the following Defendants, all of whom
25  were employed at the Kern Valley State Prison: Warden Mike Knowles; Captain
26  S. Frauenhein; Correctional Officers S. Rios, J. Garcia, and C. Juarez; and Divisional Head
27  Wright Pearson.

28

1   Plaintiff states that Defendant Rios, while running the showers in one section of the

2   unit, heard sounds in a different section, investigated those sounds, saw Plaintiff and another

3   inmate "in what he thought was mutual combat on the upper ti[er]," and saw Plaintiff falling

4   down the stairs and the other inmate running down the stairs after Plaintiff. Plaintiff asserts

5   that Defendants Juarez and Garcia responded; saw Plaintiff, the other inmate, and a third

6   inmate fighting; and sprayed pepper spray "into the facial areas of the three combatants."

7   Plaintiff then makes factual allegations about medical treatment by nonparties.

8   Plaintiff raises three causes of action:

9   1.   Defendant Knowles is "responsible for all prisoners['] rights"
10   and "violated [P]laintiff's Eighth and Fourteenth Amendment]
    rights and demon[]strated a deliberate indifference to
11   [P]laintiff['s] personal safety and as a result[, P]laintiff was
    pushed down a flight of stairs, which resulted in various
12   injuries."

13   2.   Defendants Frauenhein, Rios, Garcia, and Juarez "knew or
    should have known about the threat of serious injuries, but failed
14   to take the necessary steps to abate the injuries" and, therefore
    they "acted with deliberate indifference to [P]laintiff['s]
15   personal safety."

16   3.   Defendant Pearson "is responsible for prisoner[s'] care, health,
    and treatment" and violated Plaintiff's Eight and Fourteenth
17   Amendment rights "by deliberate in[]difference to Plaintiff['s]
    injuries thereby causing the unnecessary suffering and pain
18   under acts and omission sufficiently harmful to trigger the
    deliberate indifference to [P]laintiff['s] serious medical needs."

19   Plaintiff seeks monetary damages and declaratory and injunctive relief.

20   **III.   Failure to State a Claim**

21   **A.   Defendants Knowles, Frauenhein, and Pearson**

22   Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519,

23   520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v.

24   Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further,

25   a liberal interpretation of a civil rights complaint may not supply essential elements of the

26   claim that were not initially pled. Id.

27   To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific

28   injury as a result of specific conduct of a defendant and show an affirmative link between the

1  injury and the conduct of that defendant.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377

2  (1976).  There is no *respondeat superior* liability under § 1983, and therefore, a defendant's

3  position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights

4  does not impose liability.  Monell v. New York City Department of Social Services, 436 U.S.

5  658, 691-92 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List,

6  880 F.2d 1040, 1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to . . .

7  § 1983 suits, a plaintiff must plead that each Government-official defendant, through the

8  official's own individual actions, has violated the constitution."  Iqbal, 129 S. Ct. at 1948.

9  Although Plaintiff raises claims against Defendants Knowles, Frauenhein, and

10  Pearson, he has done so only by presenting  "[t]hreadbare recitals of the elements of a cause

11  of action, supported by mere conclusory statements."  Id. at 1949.  His factual recitation

12  contains absolutely no reference to Defendants Knowles, Frauenhein, and Pearson.  Other

13  than mere conclusory statements, Plaintiff has not alleged that Defendants Knowles,

14  Frauenhein, and Pearson personally participated in a deprivation of Plaintiff's constitutional

15  rights, were aware of a deprivation and failed to act, or formed policies that resulted in

16  Plaintiff's injuries.  Thus, the Court will dismiss Plaintiff's claims against Defendants

17  Knowles, Frauenhein, and Pearson.

18  **B.   Defendants Rios, Garcia, and Juarez**

19  A prison official violates the Eighth Amendment in failing to protect an inmate only

20  when two conditions are met.  First, the alleged constitutional deprivation must be,

21  objectively, "sufficiently serious"; the official's act or omission must result in the denial of

22  "the minimal civilized measure of life's necessities."  Farmer v. Brennan, 511 U.S. 825, 834

23  (1994).  Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he

24  must act with deliberate indifference to inmate health or safety.  Id.  In defining "deliberate

25  indifference" in this context, the Supreme Court has imposed a subjective test: "the official

26  must both be aware of the facts from which the inference could be drawn that a substantial

27  risk of serious harm exists, and he must also draw the inference."  Id. at 837 (emphasis

28  added).

1   Deliberate indifference is a higher standard than negligence or lack of ordinary due
2   care for the prisoner's safety. Id. at 835.  A merely negligent failure to protect an inmate is
3   not actionable under § 1983.  See Davidson v. Cannon, 474 U.S. 344, 347 (1986).

4   Plaintiff's claim against Defendants Rios, Garcia, and Juarez is utterly vague and
5   conclusory and it is unclear how Defendant Rios's observations and Defendants Juarez and
6   Garcia's use of pepper spray to end a physical confrontation between inmates constitutes a
7   violation of Plaintiff's constitutional rights.   Therefore, the Court will dismiss Plaintiff's
8   claim against Defendants Rios, Garcia, and Juarez.

9   **IV.   Leave to Amend**

10  For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state
11  a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first
12  amended complaint on the form provided with this Order. If Plaintiff fails to use the form
13  provided with this Order, the Court may strike the amended complaint and dismiss this action
14  without further notice to Plaintiff.

15  Plaintiff must clearly designate on the face of the document that it is the "First
16  Amended Complaint." The amended complaint must be retyped or rewritten in its entirety
17  on the form provided with this Order and may not incorporate any part of the original
18  Complaint by reference.

19  Plaintiff must comply with the instructions provided with the form. Plaintiff should
20  pay close attention to the instructions provided with the form. If Plaintiff fails to comply
21  with the instructions provided with the form, the Court may strike the amended complaint
22  and dismiss this action without further notice to Plaintiff.

23  Among other requirements contained in the instructions, Plaintiff is advised that the
24  instructions require him to provide information regarding the Court's jurisdiction, provide
25  information about the defendants, and divide his lawsuit into separate counts. In each count,
26  Plaintiff must identify what federal constitutional civil right was violated, identify the issue
27  most closely involved in that count, state which defendants violated that right and what those
28  defendants did to violate that right, explain how Plaintiff was injured by the alleged violation

of the constitutional right, and identify whether Plaintiff has exhausted any available administrative remedies.  Plaintiff must repeat this process for each civil right that was violated.  Plaintiff may allege only one claim per count.

A first amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

## V.    Warnings

### A.    Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### B.    Copies

Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5-133(d)(2).  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C.    Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious,

1   or fails to state a claim upon which relief may be granted, unless the prisoner is under

2   imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

3         **D.     Possible Dismissal**

4         If Plaintiff fails to timely comply with every provision of this Order, including these

5   warnings, the Court may dismiss this action without further notice.  See <u>Ferdik</u>, 963 F.2d at

6   1260-61 (a district court may dismiss an action for failure to comply with any order of the

7   Court).

8   **IT IS ORDERED:**

9         (1)     The Complaint (Doc. #1) is **dismissed** for failure to state a claim.  Plaintiff has

10  **30 days** from the date this Order is filed to file an amended complaint in compliance with

11  this Order.

12        (2)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of

13  Court must, without further notice, enter a judgment of dismissal of this action with prejudice

14  that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

15        (3)     The Clerk of Court must include with this Order a copy of this judge's required

16  form for filing a civil rights complaint by a prisoner.

17        DATED this 14th day of October, 2009.

18

19

20

21                                          David C. Bury
22                                  United States District Judge

23

24

25

26

27

28

**Instructions for a Prisoner Filing a Civil Rights Complaint in the
United States District Court for the Eastern District of California**

1. <u>Who May Use This Form</u>. The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights. These complaints typically concern, but are not limited to, conditions of confinement. **This form should not be used to challenge your conviction or sentence**. If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>. The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable. All questions must be answered clearly and concisely in the appropriate space on the form. If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action. You do not need to cite law.

3. <u>Your Signature</u>. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>. The filing fee for this action is $350.00. If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*. Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>. You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court. You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you. All copies must be identical to the original. Copies may be legibly handwritten.

6. <u>Change of Address</u>. You must immediately notify the Court and the defendants in writing of any change in your mailing address. **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

7. <u>Certificate of Service</u>. You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*). Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed. <u>See</u> Fed. R. Civ. P. 5(a), (d). Any document received by the Court that does not include a certificate of service may be stricken. A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:  _____
Address:_____
       Attorney for Defendant(s)
_____
(Signature)

8.  Amended Complaint.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  See Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  **Any allegations or defendants not included in the amended complaint are considered dismissed**  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

9.  Exhibits.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

10.  Letters and Motions.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

11.  Completing the Civil Rights Complaint Form.

**HEADING:**
    1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**
    1.  Nature of Suit. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for

2

federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1.  <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

3

**Part D.  REQUEST FOR RELIEF:**

Print the relief you are seeking in the space provided.

**SIGNATURE:**

You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.


**FINAL NOTE**


You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

_____,  )
(Full Name of Plaintiff)        Plaintiff,       )
                                                  )
                        vs.                       )   **CASE NO.** _____
                                                  )         (To be supplied by the Clerk)
(1)_____,  )
(Full Name of Defendant)                          )
(2)_____,  )
                                                  )         **CIVIL RIGHTS COMPLAINT**
(3)_____,  )         **BY A PRISONER**
                                                  )
(4)_____,  )   ☐ Original Complaint
                        Defendant(s).             )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )   ☐ Second Amended Complaint

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
        ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: _____.  The first Defendant is employed as:

_____ at _____.
                    (Position and Title)                                                    (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as:

_____ at _____.
                    (Position and Title)                                                    (Institution)

3.   Name of third Defendant: _____.  The third Defendant is employed as:

_____ at _____.
                    (Position and Title)                                                    (Institution)

4.   Name of fourth Defendant: _____.  The fourth Defendant is employed as:

_____ at _____.
                    (Position and Title)                                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

   b.  Second prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

   c.  Third prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
  ☐ Basic necessities          ☐ Mail            ☐ Access to the court        ☐ Medical care
  ☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion       ☐ Retaliation
  ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____.

5.   **Administrative Remedies:**
  a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                          ☐ Yes   ☐ No
  b.   Did you submit a request for administrative relief on Count I?                          ☐ Yes   ☐ No
  c.   Did you appeal your request for relief on Count I to the highest level?                ☐ Yes   ☐ No
  d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

3

## COUNT II

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
    ☐ Excessive force by an officer   ☐ Threat to safety ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?          ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count II?      ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?    ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

## COUNT III

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count III.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    - ☐ Basic necessities
    - ☐ Disciplinary proceedings
    - ☐ Excessive force by an officer
    - ☐ Mail
    - ☐ Property
    - ☐ Threat to safety
    - ☐ Access to the court
    - ☐ Exercise of religion
    - ☐ Other: _____.
    - ☐ Medical care
    - ☐ Retaliation

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                    ☐ Yes   ☐ No
    b.  Did you submit a request for administrative relief on Count III?        ☐ Yes   ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?   ☐ Yes   ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____
                DATE                                      SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____

_____

_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

6